# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| ASHLEY PEREZ,<br><br>　　Plaintiff,<br><br>　　v.<br><br>BUDGET CONTROL SERVICES, INC.,<br><br>　　Defendant. | Case No. 1:16-CV-00767-PAB-CBS<br><br><br>**MEMORANDUM OF LAW<br>IN OPPOSITION TO DEFENDANT'S<br>MOTION TO DISMISS** |

　　Plaintiff Ashley Perez ("Ms. Perez") respectfully submits this Memorandum of Law in opposition to the motion to dismiss ("Motion") filed by defendant Budget Control Services, Inc. ("Defendant").

## **STATEMENT OF FACTS**

　　On or about June 8, 2015, Ms. Perez filed a complaint (the "Complaint") against Defendant setting forth allegations of deceptive collection practices in violations of the Fair Debt Collection Practices Act (the "FDCPA"). The violations occurred in connection with a collection letter sent by Defendant to Ms. Perez. The violations stem from the fact that: (1) Defendant mailed the collection letter in a window envelope that exposed the entire address block and the mail barcode identifying Ms. Perez's account number associated with the alleged debt; (2) Defendant commenced the collection letter with a stern warning in bold caps

"**** **NOTICE OF EMPLOYMENT VERIFICATION \*\*\*\***"; and (3) Defendant made a threat in the collection letter that "Failure to make PAYMENT will force this office to notify your creditor that you are working and have refused to pay."

## STANDARD OF REVIEW

To "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, a plaintiff's burden at the pleading stage is light. *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 (10th Cir. 1989) (Federal Rules of Civil Procedure "erect a powerful presumption against rejecting pleadings for failure to state a claim").

Federal Rule of Civil Procedure 8(a) only requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Any factual allegations must be sufficiently definite to "raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 545.

When reviewing a motion to dismiss, the court must: (1) incorporate the "powerful presumption" against rejecting pleadings for failure to state a claim; (2) accept all allegations in the complaint as true; and (3) draw all reasonable

inferences in favor of the nonmoving party.  *Cayman Exploration Corp.*, 878 F.2d at 1359; *Dias v. City and County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009). As the Tenth Circuit recognized, granting a "motion to dismiss is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Duran v. Carris*, 238 F.3d 1268, (10th Cir. 2001) (quoting *Cottrell, Ltd. v. Biotrol Int'l, Inc.*, 191 F.3d 1248, 1251 (10th Cir. 1999)).

A complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  The burden of demonstrating that no claim has been presented in the pleadings rests fully with the defendant.  *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

In this case, Defendant failed to meet its burden of demonstrating that no claim has been presented by Ms. Perez.  Viewing the allegations asserted in the Complaint as true and in a light most favorable to Ms. Perez, a sufficient set of facts exists to raise a reasonable expectation that the necessary elements needed to establish entitlement to relief afforded by the FDCPA will be presented. Therefore, Ms. Perez's Complaint successfully pleaded causes of action under the FDCPA and Defendant's Motion should be denied in its entirety.

## LEGAL ARGUMENT

### I. THE COMPLAINT SETS FORTH SUFFICIENT FACTS TO STATE CLAIMS FOR VIOLATIONS OF THE FDCPA

The FDCPA was enacted to eliminate abusive debt collection practices by debt collectors. 15 U.S.C. § 1692e. It is designed to protect consumers from unscrupulous collectors, whether or not there is a valid debt. *Mace v. Van Ru Credit Corp.*, 109 F.3d 338 (7th Cir. 1997); *Baker v. GC Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with collection of a debt.

A debt collector's communications are analyzed "from the perspective of the least sophisticated debtor" or least sophisticated consumer. *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006). "The basic purpose of the least-sophisticated consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Id.* Accordingly, courts construe its language broadly, so as to effectuate its purpose. *Id.*

Furthermore, any application of the FDCPA must take into account that the FDCPA is a remedial statute. *Hamilton v. United Healthcare of La.*, 310 F.3d 385, 392 (5th Cir. 2002). Accordingly, courts construe its language broadly, so as to

effect its purpose. *See*, *Brown v. Card Serv. Ctr.*, 464 F.3d 450 (3d Cir. 2006). Furthermore, "[b]ecause the FDCPA is remedial in nature, its terms must be construed in liberal fashion if the underlying Congressional purpose is to be effectuated." *Vincent v. The Money Store*, 736 F.3d 88, 98 (2nd Cir. 2013). Because the FDCPA is a strict liability statute, Plaintiff need demonstrate only one violation of its provisions to be entitled to a favorable judgment. *Doshay v. Global Credit Collection Corp.*, 796 F. Supp. 2d 1301, 1303-04 (D. Colo. 2011).

Here, when viewing the facts in the light most favorable to Ms. Perez, the non-moving party, the Complaint sets forth ample facts to state claims for various violations of the FDCPA, as follows:

### (a) A Claim For Section 1692d Violation Is Established

Pursuant to section 1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

There is nothing benign about the warning in the collection letter that a failure to make payment will force Defendant to contact the creditor about Ms. Garcia's employment and refusal to pay. Viewed in light of a least sophisticated consumer, there is a clear intent of a threat directed at Ms. Garcia in order to harass and oppress even if the threat is not overt. No idiosyncratic interpretation of the collection letter is necessary here. In fact, Defendant admits in the Motion that a

5

violation of section 1692d could be found where a communication does not explicitly contain the threat of violence, but the conduct is nevertheless harassing or oppressive.

### (b) A Claim For Violations Of Sections 1692e, 1692e(5) and 1692e(10) Is Established

The FDCPA prohibits a debt collector from using false, deceptive or misleading representations or means in connection with the collection of any debt. 15 U.S.C. § 1692e. Section 1692e contains 16 subsections which set forth a non-exhaustive list of practices that fall within this ban. Per that section, debt collector's prohibited conduct includes:

> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
> \* \* \*
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

Here, Defendant commenced the collection letter with a stern warning in bold caps "**\*\*\*\* NOTICE OF EMPLOYMENT VERIFICATION \*\*\*\***." In addition, Defendant made an imminent threat to Ms. Perez that "Failure to make PAYMENT will force this office to notify your creditor that you are working and have refused to pay." Defendant has not established whether it intended to or actually made good on that threat and contacted the creditor or some other third

6

party, i.e. Ms. Perez's employer.  If Defendant has *not* made good on the threat, not only is this conduct in violation of section 1692e(5), but it also falls squarely under section 1692e(10), wherein Defendant used a false representation and a deceptive means in an attempt to collect the alleged debt from Ms. Perez.

**(c)     A Claim For Sections 1692f and 1692f(8) Violation Is Established**

In accordance with section 1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.  Specifically, subsection f(8) prohibits debt collectors from:

> Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.  15 U.S.C. § 1692f(8).

In *Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3rd Cir. 2014), the debtor received an envelope that displayed, through a glassine window, both the debtor's account number and a quick response code which, when scanned by a device such as a smart phone with the requisite application, revealed the debtor's name and a monetary amount corresponding to the amount of the alleged debt. *Id.* at 300-01. While the district court granted summary judgment in favor of the debt collector, the Third Circuit reversed the decision and held that the plaintiff's account number was not benign because it was a "core piece of information

pertaining to [plaintiff's] status as a debtor and [debt collector's] debt collection effort." *Id.*

In the instant case, Defendant mailed the collection letter in a window envelope that exposed the entire address block and the mail barcode identifying Ms. Perez's account number associated with the alleged debt. Anyone who handled the enveloper could have readily obtained information about Ms. Perez in violation of FDCPA's sections 1692f and f(8).

### II. THE MOTION SHOULD BE DENIED AS DEFENDANT VIOLATED THE FDCPA

As the FDCPA is remedial in nature, its terms must be construed in liberal fashion if the underlying Congressional purpose is to be effectuated. *Vincent v. The Money Store,* 736 F.3d at 98; *Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir. 2002).

As set forth in detail above, Defendant did in fact violate various sections of the FDCPA. Defendant effectuated deceptive and unjust collections of monies allegedly owed by Ms. Perez in a harassing, threatening and oppressive manner. Accordingly, the Motion is inappropriate under these circumstances and it should be denied.

## **CONCLUSION**

For the reasons set forth above, Defendant's Motion should be denied in its entirety. There is simply no basis for the Motion. Ms. Perez clearly asserted claims in the Complaint upon which relief can be granted.

Dated: July 5, 2016

          **RC Law Group, PLLC**
          *Attorneys for Plaintiff*

          By:/s/ Yaakov Saks
          285 Passaic Street
          Hackensack, NJ 07601
          Phone (201) 282-6500
          Fax (201) 282-6501
          Email: ysaks@rclawgroup.com

### **Certification of Service**

I, hereby certify that a copy of the foregoing and any attachments hereto were mailed, postage prepaid on July 5, 2016 to the following counsel of record.

Irvin Borenstein
Attorney At Law
Borenstein & Associates, LLC
13111 E. Briarwood Ave. Ste #340
Centennial, CO 80112
Phone: 303-768-0200
Direct: 303-468-5771
Fax:   303-768-0220
Email: irv@ibalegal.com

/s/Yaakov Saks
Yaakov Saks