IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-00767-PAB-CBS

ASHLEY PEREZ,

    Plaintiff,

v.

BUDGET CONTROL SERVICES, INC.,

    Defendant.

---

**ORDER**

---

This matter is before the Court on Defendant's Motion to Dismiss [Docket No. 6]. The motion is fully briefed and ripe for disposition. Jurisdiction over this case is based on federal question jurisdiction pursuant to 28 U.S.C. § 1331.

**I. BACKGROUND**[1]

Plaintiff brings a claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), alleging that defendant used unlawful practices in attempting to collect on a debt. In her complaint, plaintiff alleges that she received a letter from defendant seeking to collect an alleged debt. Docket No. 1 at 2, ¶ 9. Defendant sent the letter in a window envelope that exposed the letter's address block. *Id.*, ¶ 10. Above plaintiff's name and address in the address block, a barcode

---

[1] The following facts are drawn from plaintiff's complaint, Docket No. 1, and are assumed to be true for the purposes of this order. *See Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007).

appeared. *Id*., ¶ 11.[2] Below the barcode and above plaintiff's name, a number appeared, "identified in the Letter as the account number associated with the Alleged Debt." *Id*., ¶ 11. The body of the letter stated "**** **NOTICE OF EMPLOYMENT VERIFICATION ****"** *Id*., ¶ 12 (emphasis original). The letter then warned, "[f]ailure to make PAYMENT will force this office to notify your creditor that you are working and have refused to pay." *Id*., ¶ 13. The complaint alleges this warning is false. *Id*.

On April 4, 2016, plaintiff filed her complaint. Docket No. 1. It contains a single claim for relief for violation of the FDCPA under 15 U.S.C. §§ 1692d, 1692e, 1692e(5), 1692e(10), 1692f, and 1692f(8). *Id*. at 3, ¶ 18.

On June 8, 2016, defendant filed its motion to dismiss. Docket No. 6. Defendant argues that the alleged actions fail to state a claim for relief under the FDCPA and moves the Court to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). *Id*. at 3.

## II. STANDARD OF REVIEW

Defendant brings its motion pursuant to Federal Rule of Civil Procedure 12(b)(6). Under Rule 12(b)(6), the "court's function . . . is not to weigh potential evidence that the

---

[2] Defendant attaches a "representative sample" of the letter with its motion to dismiss that places the elements in a different order, which plaintiff does not challenge as incorrect. Docket No. 6 at 2. It has the elements in the following order:

    Number
    Name
    Street Address
    City, State Zip Code
    U.S. Postal Service Bar Code.

Docket No. 6-1. The difference in order is not material to the resolution of the issues presented by defendant's motion.

parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations omitted). In doing so, the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quotation marks and citation omitted). "In addition to the complaint, the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002). A court, however, need not accept conclusory allegations. *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002). Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (omission marks, internal quotation marks, and citation omitted). The "plausibility" standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible. *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008). However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation marks and alteration marks omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either

direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (quotation marks and citation omitted).

## III. ANALYSIS

### A. Violation of 15 U.S.C. § 1692d

Section 1692d provides that a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." In analyzing FDCPA claims, debt collectors' communications are generally viewed from the perspective of how the least sophisticated consumer would interpret the notice received from the debt collector. *Irvine v. I.C. Sys., Inc.*, 176 F. Supp. 3d 1054, 1060 (D. Colo.), *reconsideration denied*, 198 F. Supp. 3d 1232 (D. Colo. 2016) (citing *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)). "The hypothetical consumer, however, 'can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care.'" *Ferree v. Marianos*, 1997 WL 687693, at *1 (10th Cir. Nov. 3, 1997) (unpublished) (quoting *Clomon*, 988 F.2d at 1319).

Defendant argues that the contents of the letter could not be viewed by any reasonable consumer as harassing or oppressive and cites various cases it argues where conduct that was "considerably worse" has been found to not violate Section 1692d. Docket No. 6 at 5 (citing *Wilson v. Merchants & Med. Credit Corp, Inc.*, 2010 WL 3488617 (E.D. Mich. Sept. 2, 2010); *Unterreiner v. Stoneleigh Recovery Assoc., LLC*, 2010 WL 2523257 (N.D. Ill. June 17, 2010); *Smith v. Accounts Research, Inc.*,

4

2012 WL 289835 (E.D. Tenn. Jan. 31, 2012); *Pearce v. Rapid Check Collection*, 738 F. Supp. 334 (D.S.D. 1990).

Plaintiff argues that the statement that the creditor will be contacted about her employment status is a "threat directed at Ms. Garcia in order to harass and oppress even if the threat is not overt." Docket No. 7 at 5.

The Court finds that the alleged conduct does not, as a matter of law, rise to the level of harassment, oppression, or abuse in violation of Section 1692d. The alleged conduct is unlike the listed examples of conduct that are per se violations of the section, i.e., "use of violence or other criminal means," "use of obscene or profane language," publication of debtor status, or harassing phone calls. 15 U.S.C. § 1692d(1)-(6). While some recipients might interpret the words "NOTICE OF EMPLOYMENT VERIFICATION" as a threat that their employers would be contacted, the letter goes on to state that the recipient's "creditor" will be notified. Docket No. 1 at 2, ¶¶ 12-13 (emphasis omitted). Because a least sophisticated consumer would read the letter in full and with care, *Campuzano-Burgos v. Midland Credit Mgmt., Inc.*, 550 F.3d 294, 299 (3d Cir. 2008), any misreading of the "NOTICE" would be clarified. The Court will grant defendant's motion to dismiss with respect to plaintiff's claim under Section 1692d.

### B. Violation of 15 U.S.C. § 1692e

Under 15 U.S.C. § 1692e, it is a violation of the FDCPA to "use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Specific statutory examples of conduct that violates this section include:

> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
> * * *

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

*Id*.

The only portion of the letter that plaintiff alleges was a misrepresentation is the statement that "[f]ailure to make PAYMENT will force this office to notify your creditor that you are working and have refused to pay." Docket No. 1 at 2, ¶ 13; Docket No. 7 at 6. She also argues that this constitutes a threat. Docket No. 7 at 7.

Defendant argues that the statement is not a threat or a misrepresentation because "[i]n the normal course of business any debt collector would update its client concerning its collection efforts and to make recommendations regarding additional collection efforts." Docket No. 6 at 8.

The Court finds that the statement that the creditor would be notified is not a "threat" of the type prohibited by § 1692e(5). Debt collectors are explicitly authorized by the FDCPA to contact the creditor regarding a debt. 15 U.S.C. § 1692c(b). Examples of communications that have been found to be "threats" within the meaning of § 1692e(5) include: "threats to sue, threats to garnish wages and/or seize assets, threats to contact the debtor's neighbors and/or employer, threats to subject the debtor to additional costs for collecting the debt, threats to investigate the debtor's employment, and threats to transfer the account to an attorney for assessment." *Ferguson v. Credit Mgmt. Control, Inc.*, 140 F. Supp. 2d 1293, 1299-1300 (M.D. Fla. 2001) (collecting cases) (footnotes omitted). Defendant's statement that it would contact the creditor if it did not receive payment is of a different character because it does not threaten any action against plaintiff. At most, as defendant suggests, it

implies that the client "may authorize [defendant] to engage in further collection efforts," without threatening any particular action. Docket No. 6 at 8.

The Court also finds that plaintiff has failed to plausibly allege a misleading or false representation. Plaintiff makes a conclusory allegation upon information and belief that "Plaintiff's non-payment of the Alleged Debt would not in fact force Defendant to do anything, including the threatened action." Docket No. 1 at 2, ¶ 13. Plaintiff does not, however, provide well-pled factual allegations of information that would support such a belief. The Court need not accept such conclusory allegations as true and they do not suffice to state a plausible claim. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Further, plaintiff's allegation is not enough to make a "plausible suggestion" of a misrepresentation in light of the "obvious alternative explanation," *Twombly*, 550 U.S. at 566, that "[i]n the normal course of business any debt collector would update its client concerning its collection efforts." Docket No. 6 at 8. The Court will grant defendant's motion to dismiss with respect to plaintiff's claims under § 1692e.

### C. **Violation of 15 U.S.C. § 1692f**

Section 1692f prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." Specifically prohibited conduct includes "(8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business."

Plaintiff argues that printing plaintiff's account number and a bar code where it could be viewed through the envelope window was a violation of the FDCPA. Docket No. 7 at 7 (citing *Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3rd Cir. 2014)).

Defendant argues that there was nothing unfair or unconscionable about printing defendant's internal account number for plaintiff's debt in the envelope window. Docket No. 6 at 10.[3] Defendant also argues that another court in this circuit has rejected the approach of *Douglass* and held that printing a visible account number does not violate § 1692f(8). *Id*. at 11 (citing *Brooks v. Niagara Credit Solutions, Inc.*, 2015 WL 6828142 (D. Kan. Nov. 6, 2015)).

The Tenth Circuit has yet to address the issue presented here, and the circuit courts that have addressed this issue have reached different conclusions. In *Goswami v. Am. Collections Enter., Inc.*, the Fifth Circuit affirmed the dismissal of a claim that printing "priority letter" on an envelope violated § 1692f(8). 377 F.3d 488, 491 (5th Cir. 2004). The court "read § 1692f(8) together with the opening paragraph or preface of § 1692f," and found that "subsection eight only prohibits markings on the outside of envelopes that are unfair or unconscionable, such as markings that would signal that it is a debt collection letter and tend to humiliate, threaten, or manipulate debtors." *Id*. at 493. The court was "most persuaded" that this interpretation was correct based on the Federal Trade Commission's interpretation that debt collectors could legally use "words or notations that do not suggest the purpose of the communication" such as

---

[3] Defendant also argues that its conduct does not resemble any of the enumerated examples of conduct explicitly prohibited in Section 1692f, but this argument is problematic because Section 1692f(8) is one of the enumerated examples. Docket No. 6 at 9.

"'Confidential' on the envelope." *Id*. at 493-94 (quoting FTC Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50,097, 50,108 (Dec. 13, 1988)).

The Eighth Circuit reached a similar result for different reasons in *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316 (8th Cir. 2004). The envelope at issue contained the debt collector's initials as well at the markings "personal and confidential" and "immediate reply requested." *Id*. at 317 (emphasis omitted). The court reasoned that a strict reading of § 1692f(8) would "create bizarre results likely beyond the scope of Congress's intent in enacting the statute" because "a debtor's address and an envelope's pre-printed postage would arguably be prohibited, as would any innocuous mark related to the post." *Id*. at 318. The court found that a broader reading was a "more sensible construction," *id*. at 319, that would nonetheless effectuate Congress's intent to "eliminate abusive debt collection practices." 15 U.S.C. § 1692(e). The court concluded that the "language and symbols were benign because they did not, individually or collectively, reveal the source or purpose of the enclosed letters" and, therefore, "the envelopes must have appeared indistinguishable from the countless items of so-called junk mail found daily in mailboxes across the land." *Strand*, 380 F.3d at 319.

The Third Circuit, by contrast, relied on a plain language reading of § 1692f(8) to conclude that the inclusion of the account number on the envelope was prohibited. *Douglass*, 765 F.3d at 303. The letter at issue included an account number visible through an envelope window[4] and a quick response ("QR") code that, "when scanned

---

[4] The Court agrees that printing visible through an envelope window is "on" the envelope for the purposes of Section 1692f(8). *See Douglass*, 765 F.3d at 302-03.

by a device such as a smart phone, revealed the same information as that displayed through the glassine window, as well as a monetary amount corresponding to Douglass's alleged debt." *Id*. at 300-01. The court reasoned that, even if there were a benign language exception to § 1692f(8), it would not allow printing an account number, which "implicates a core concern animating the FDCPA—the invasion of privacy." *Id*. at 303. The court found that the "account number is a core piece of information pertaining to Douglass's status as a debtor" that "could be used to expose her financial predicament." *Id*.

Numerous district courts have also considered whether printing a number other than the debt collector's address on an envelope violates the FDCPA. As noted in *Brooks*, with one exception, the district courts outside of the Third Circuit have rejected the *Douglas* approach and found such actions did not violate § 1692f(8). *Brooks*, 2015 WL 6828142, at *4 (collecting cases). Cases decided after *Brooks* have continued this trend. *See, e.g.*, *Alvarado v. Northland Grp., Inc.*, 2015 WL 7567091, at *2 (W.D. Mo. Nov. 19, 2015) ("While debtor privacy may be a legitimate concern . . . the purpose of this section of the FDCPA was not to prevent disclosure of internal account numbers, but to prevent identification of the recipient as a debtor."); *Perez v. Glob. Credit and Collection, Corp.*, 2015 WL 4557064, at *3 (S.D.N.Y. July 27, 2015) ("[T]he fact that the number . . . is visible through the glassine window of the envelope does not constitute a violation of the FDCPA."); *Datta v. Asset Recovery Solutions, LLC*, 191 F. Supp. 3d 1022, 1035 (N.D. Cal. 2016); *Gonzalez v. FMS, Inc.*, 2015 WL 4100292, at *6 (N.D. Ill. July 6, 2015) ("Because the string of numbers appearing on the envelope is benign, the

Court finds that the numbers did not violate Section 1692f(8)."); *Rodriguez v. I.C. Sys., Inc.*, 2016 WL 5415680, at *4 (E.D.N.Y. Sept. 28, 2016) ("Accordingly, the court finds as a matter of law that the FDCPA was not violated even if the ICS Reference Number was displayed on the Envelope.").[5]

The Court agrees with those cases that find § 1692f ambiguous in light of the absurd results that follow from a literal reading of § 1692f(8). "All laws should receive a sensible construction" that avoids "an absurd consequence." *United States v. Kirby*, 74 U.S. 482, 486-87 (1868). A literal reading of § 1692f(8)'s prohibition on "any language or symbol, other than the debt collector's address" would lead to the absurd conclusion that placing anything other than the debt collector's address on the envelope violates the statute. Such a strict reading would prevent the sender from including the recipient's address. This result is nonsensical because the FDCPA is clearly intended to allow debt collectors to continue to send mailings, subject to certain restrictions on abusive practices. *See* 15 U.S.C. § 1692f(7) (prohibiting post cards, but not mail generally). "The reason of the law in such cases should prevail over its letter." *Kirby*, 74 U.S. at 487. Here, a broader reading of § 1692f(8) in light of § 1692f's prohibition on

---

[5] In cases where the letter included a bar code that provided account information or a QR code, district courts have allowed claims under § 1692f(8) to proceed. *Palmer v. Credit Collection Servs., Inc.*, 160 F. Supp. 3d 819, 823 (E.D. Pa. 2015) (account information in bar code); *Michael v. HOVG, LLC*, 2017 WL 129111, at *4 (S.D. Fla. Jan. 10, 2017) (QR code). Here, the bar code visible through the envelope window is alleged to be an "intelligent mail" bar code like those printed on nearly every envelope by the sender or the Post Office's automated sorting systems, which allows the letter to be routed, but does not provide recipient account information. *See* Docket No. 1 at 2, ¶ 11; Docket No. 6-1; *see also USPS - Mail Tracking and Reporting - Barcodes FAQs*, United States Postal Service (Feb. 23, 2017), https://mailtracking.usps.com/mtr/landing/resources/confirm/faqs/landingBarcodesFAQ.jsp?focus=barcodesFAQ.

"unfair or unconscionable means" effectuates the purposes of the statute to prevent debt collectors from using such means without leading to absurd results. *See Strand*, 380 F.3d at 319.

Under this reading, plaintiff's allegation that her account number was on the envelope does not raise a viable claim under § 1692f(8) because it does not implicate the statute's concern that the envelope will reveal the recipient's debtor status. Plaintiff has not alleged, nor is there any basis to infer, that the account number would convey a meaning to anyone other than defendant, much less that it alone would lead a third party to believe plaintiff was a debtor. Docket No. 1 at 2, ¶ 11; *see also Gonzalez*, 2015 WL 4100292, at *5. "An internal account number, without more, simply cannot suggest to an observer that the envelope contains debt collection correspondence." *Brooks*, 2015 WL 6828142, at *6. And, as the Eighth Circuit observed, a string of digits that is meaningless to the public does not distinguish the envelope from the "countless items of so-called junk mail found daily in mailboxes across the land." *Strand*, 380 F.3d at 319. Therefore, the Court will grant defendant's motion to dismiss with respect to plaintiff's claims under § 1692f.

## IV. CONCLUSION

Therefore, it is **ORDERED** that Defendant's Motion to Dismiss [Docket No. 6] is **GRANTED**. It is further

**ORDERED** that plaintiff's claims are dismissed. It is further

**ORDERED** that this case is closed.

DATED March 3, 2017.

                                              BY THE COURT:

                                              s/Philip A. Brimmer
                                              PHILIP A. BRIMMER
                                              United States District Judge